MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
THOMAS J. HANLON
Assistant United States Attorney
402 East Yakima Avenue, Suite 210
Yakima, WA 98901-2760
(509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO: CR-09-172-LRS-2 |
| Plaintiff, ) | |
| v. ) | **Plaintiff's Sentencing Memorandum** |
| WRIGHT CHRISTOPHER HALBERT, ) | |
| Defendant. ) | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney, and submits the following sentencing memorandum:

I.

STATEMENT OF FACTS

The Government agrees with the facts as presented in the Presentence Investigation Report ("PIR.")

II.

SENTENCING CALCULATIONS

The Defendant has a Total Offense Level of 16. The Defendant's Criminal History Category is I. The advisory Guideline range is 21-27 months.

GOVERNMENT'S SENTENCING MEMORANDUM    1

## III.

## GOVERNMENT'S OBJECTIONS TO PIR

The Government has not filed any objections to the PIR.

## IV.

## DEFENDANT'S OBJECTIONS TO PIR

The Defendant has not filed any objections to the PIR.

## V.

## SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

Following <u>Booker</u>, this Court is required to consider the factors set forth in 18 U.S.C. §3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of the defendant.</u>

The current offense is serious and involves the production of large amounts of marijuana. The Defendant assisted with the marijuana grow which was discovered in the hidden bunker. The Defendant also had an operational marijuana grow in his basement. During the execution of the search warrant, law enforcement officers discovered marijuana "shake" all over the basement floor which was indicative of a recent harvest. The officers also found several of the necessary ingredients for a marijuana grow in the Defendant's basement.

Inside of the main residence, officers found marijuana and smoking devices used to ingest marijuana. The Defendant advised the probation officer of his past frequent use of marijuana. The Defendant appears to suffer from substance abuse issues.

The Defendant has a minor criminal history. It appears that the Defendant benefitted from fleeing Yakima County which resulted in a dismissal of a 1994 charge of driving under the influence.

The Defendant is a young man with a wife and two children. The facts of this case appear to paint a picture of a young man who was exploited by his father. The evidence suggests that the Defendant worked for his father in the marijuana grow. It does not appear that the Defendant made considerable amounts of money from his prior sales of marijuana. The Defendant's humble residence suggests that the bulk of any profits were received by his father. The Defendant sold quantities of processed to Mr. Hatfield. In addition, the Defendant provided Mr. Hatfield with "starter plants" which Hatfield used to begin his own marijuana grow operation.

The PIR reflects that the Defendant was verbally and/or emotionally abused by his father.

Since being released from custody in the current matter, the Defendant has complied with all release conditions.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>.

The Defendant was found guilty of a serious offense. Here, the Defendant assisted in growing large amounts of marijuana. In addition, the Defendant had his own marijuana grow operating inside of his residence.

A sentence of 21 months will provide just punishment based on the defendant's conduct.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>.

A term of incarceration should afford adequate deterrence to his criminal conduct.

4. <u>The need for the sentence imposed to protect the public from further crimes of the defendant</u>.

The Defendant appears to suffer from substance abuse issues. However, the Defendant does not appear to pose a danger to the public.

5. <u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>.

The Defendant appears to be in need of educational or vocational training. It also appears that the Defendant may be in need of substance abuse counseling.

6. <u>The kinds of sentences available</u>.

The Defendant is subject to a sentence involving a term of imprisonment. However, there are no applicable mandatory minimum sentences.

7. <u>The kind of sentence contemplated by the Sentencing Guidelines</u>.

The Sentencing Guidelines contemplate a term of imprisonment of 21-27 months.

8. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct</u>.

No unwarranted disparity would result if this Court imposes a sentence of 21 months imprisonment.

## VI.

## FORFEITURE

The factual determination as to whether any property was involved in or derived from an offense is a matter submitted to the jury. <u>United States v. Pelullo</u>, 14 D.3d 881, 904 (3rd Cir. 1994). However, the entry of an order of forfeiture in a criminal case is considered a part of sentencing. <u>Libretti v. United States</u>, 516 U.S. 29, 39 (1995). The Court previously entered a preliminary order of forfeiture regarding the property alleged in the indictment. At sentencing, the disposition of this property will also need to be included in the Court's final order.

## VII.

## CONCLUSION

Based on the facts of the case at bar, and consideration of the §3553(a) factors, the Government recommends the Court impose a sentence of 21 months imprisonment followed by three years of supervised release.

DATED this 28th day of December, 2010.

JAMES A. McDEVITT
United States Attorney

s/ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney

1  I hereby certify that on December 28, 2010, I electronically filed the
2  foregoing with the Clerk of the Court using the CM/ECF System which will send
3  notification of such filing to the following:
4  Frank Cikutovich, Esq.

```
                          s/ Thomas J. Hanlon
                          Thomas J. Hanlon
                          Assistant United States Attorney
                          United States Attorneys Office
                          402 E. Yakima Ave., Suite 210
                          Yakima, WA   98901
                          (509) 454-4425
                          Fax (509) 454-4435
```