STILEY & CIKUTOVICH, PLLC
1403 W. BROADWAY
SPOKANE, WA  99201
(509) 323-9000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. CR-029-172-LRS-2 |
| Plaintiff, | ) |
| | ) |
| v. | ) SENTENCING MEMORANDUM |
| | ) OF WRIGHT C. HALBERT |
| WRIGHT CHRISTOPHER HALBERT, | ) |
| | ) |
| Defendant. | ) |

Defendant, Wright Christopher Halbert, by and through Frank L. Cikutovich, submits the following Sentencing Memorandum

## I.    SENTENCING CALCULATIONS

**Base Offense Level**: The Defendant agrees with the Base Offense Level calculation of 14.

**Specific Offense Characteristic**: The Defendant agrees that a firearm was located at his residence, therefore his base offense level should be increased to 16.

**Adjustments for Role in the Offense**: The evidence presented at trial in this case involved a confidential informant alleging that Wright Halbert had sold him marijuana

MOTION TO CONTINUE SENTENCING 1

in 2004-2006. On December 11, 2009, marijuana plants were found growing on Clint Halbert's property, inside of a bunker. The only connection to this bunker with regards to Wright Halbert was testimony from the confidential informant alleging that, some years before, Wright Halbert had taken marijuana plants from the bunker and given them to the informant. Additionally, a key to the bunker was found at the search of Wright Halbert's residence. It appears that the marijuana operation found on December 11, 2009 was Clint Halbert's, and any connection or assistance which may have been provided by Wright Halbert was minimal. Based on the above, it appears that a reduction for minimal/minor role would be appropriate in this case. The Defendant respectfully requests a reduction of 4 levels for his minimal role in the offense, which would lower his offense level to 12.

**Adjustments for Acceptance of Responsibility:** According to USSG § 3E1.1, Application Note 2, "an adjustment for acceptance of responsibility is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations, a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example,

MOTION TO CONTINUE SENTENCING 2

where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)."

In this case, prior to trial, motions were filed questioning the validity of the Search Warrant issued in this case. Defendant Wright Halbert has preserved his ability to review the constitutionality of the search on appeal. His pretrial statements and conduct clearly demonstrate an acceptance of responsibility, as he entered outpatient substance abuse treatment on January 4, 2010, and successfully completed the program on August 26, 2010. Mr. Halbert has worked full time throughout his pretrial release and has had no violations of his conditions of release.

Considering the minimal role of Wright Halbert, and the actions he has taken following the allegations of his wrongdoing in the alleged conspiracy, Defendant Wright Halbert respectfully requests that the Court grant him a 2 level reduction for acceptance of responsibility.

**Total Offense Level:** Based on the above adjustments, Defendant Wright Halbert's total offense level would be 10, criminal history category 1, which would result in an Advisory Sentencing Guideline Range of 6-12 months. According to the Guidelines, terms that fall into Zone B are eligible for a split sentence, in which a portion of the sentence is served in prison, a portion under probation.

## II. SENTENCING OPTIONS

**The nature and circumstances of the offense and the history and characteristics of the defendant allow the Court to sentence Mr. Halbert to 6-12 months of home confinement, followed by three years of supervised release.**

Wright Halbert is 35 years old, and has been married to his wife Nahani, since 2008. Wright Halbert has a son, Julian, who turns 2 in April, and another son, Dominic, who is 4 months old. Wright is currently employed as a cook by Bull Hill Guest Ranch located in Kettle Falls, and receives unemployment compensation while he is laid off. Wright is the sole supporter for his wife and children, and if a term of imprisonment were imposed, it would create an economic hardship for his family. Mr. Halbert's personal circumstances and the circumstances of this offense allow the Court to exercise leniency in its discretion to sentence Mr. Halbert to a period of home confinement, followed by 3 years of supervised release. This sentence is authorized under the appropriate guideline calculation, promotes respect for the law, and provides just punishment for the offense of conviction. Mr. Halbert has no prior criminal history points, and was initially incarcerated in this case for approximately 3 weeks. Following his release from jail, Wright entered and successfully completed substance abuse treatment, and has had violations while on pretrial release. Wright Halbert has proven that he can conform his conduct to the rules to this Court, and that the Court does not

MOTION TO CONTINUE SENTENCING 4

need to sentence him to incarceration in order to deter him from criminal conduct.

### III. CONCLUSION

Based upon Wright Halbert's family history and support, and lack of criminal history, a sentence of home confinement, followed by supervised release, adequately protects the public from the very limited possibility that Mr. Halbert would ever find himself in front of this Court or any other Court. Under these circumstances, Mr. Halbert submits that a sentence of home confinement followed by supervised release is an appropriate and just sentence.

DATED this 24th day of January, 2011.

    s/***Frank L. Cikutovich***
    Attorney for Wright Halbert

I hereby certify that on the 24TH day of January, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following parties:

Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Avenue, Ste. 210
Yakima, WA 98901-2760

    s/***Frank L. Cikutovich***
    Counsel for Wright Halbert

MOTION TO CONTINUE SENTENCING 5