MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
THOMAS J. HANLON
Assistant United States Attorney
402 East Yakima Avenue, Suite 210
Yakima, WA 98901-2760
(509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO:  09-CR-172-LRS-2 |
| Plaintiff, | |
| v. | Government's Supplemental Sentencing Memorandum |
| WRIGHT C. HALBERT, | |
| Defendant. | |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney, submits the following supplemental sentencing memorandum:

I.

DEFENDANT'S OBJECTION TO PIR

The Defendant filed the following objections to the presentence investigation report:

1)  <u>Role In Offense:</u>

The Defendant requests a 4-level reduction for minimal/minor role.

U.S.S.G. 3B1.2 provides for a downward adjustment of four levels where a defendant was a "minimal participant" in a crime, or two levels where he was a "minor participant." <u>United States v. Awad</u>, 371 F.3d 583, 591 (9th Cir. 2004).

GOVERNMENT'S SUPPLEMENTAL
SENTENCING MEMORANDUM                    1

The commentary to the Guidelines makes clear that a role adjustment for minimal participant is a tool which should "be used infrequently." Id. (quoting U.S.S.G. 3B1.2). The Ninth Circuit has emphasized that any downward role adjustment should be restricted to those cases presenting "exceptional circumstances." Id. (quoting United States v. Davis, 36 F.3d 1424, 1436 (9th Cir. 1994). The defendant bears the burden of proving that he is entitled to a downward departure based on his role in the offense. Id.

"[District] courts need to look beyond the individuals brought before them to the overall criminal scheme when determining whether a particular defendant is a minor participant in a criminal scheme." United States v. Tankersley, 537 F.3d 1100, 1110 (9th Cir. 2008)(quoting United States v. Rojas-Millan, 234 F.3d 464, 473 (9th Cir. 2000)). In determining whether or not a defendant was a minimal or a minor participant, a district court shall consider all conduct within the scope of U.S.S.G. 1B1.3, and not just conduct cited in the count of conviction. Id. (citing United States v. Hatley, 15 F.3d 856, 859 (9th Cir. 1994)).

"It is not enough that a defendant was less culpable than his or her co-participants, or even that he or she was among the least culpable of the group, because a minimal or minor participant adjustment under 3B1.2 is available only if the defendant was "substantially" less culpable than his or her co-participants. United States v. Cantrell, 433 F.3d 1269, 1283 (9th Cir. 2006)(citations omitted).

Whether a defendant qualifies for either a minimal or minor role adjustment depends on the facts of a particular case. United States v. Awad, 371 F.3d at 591. "Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." Id. (citing Hernandez v. New York, 500 U.S. 352, 369 (1991)).

GOVERNMENT'S SUPPLEMENTAL
SENTENCING MEMORANDUM                         2

A defendant is a "minimal participant" when his "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others" indicates that he is "plainly among the least culpable of those involved in the conduct of a group." United States v. Awad, 371 F.3d at 591 (quoting U.S.S.G. 3B1.2 cmt. n. 4). A defendant is a "minor participant" if he "is less culpable than most other participants, but [his] role could not be described as minimal." Id. (quoting U.S.S.G. 3B1.2 cmt. n. 5).

At trial, the Government presented the jury with overwhelming evidence that the Defendant was connected with the marijuana bunker. First, Douglas Hatfield ("Hatfield") testified at the trial. Hatfield testified that he had purchased packaged marijuana from the Defendant on multiple occasions. In addition, Hatfield testified that the Defendant provided him with written instructions concerning how to grow marijuana. Lastly, Hatfield testified that in December 2005, the Defendant obtained live marijuana plants from the bunker and provided Hatfield with those plants. Therefore, Hatfield's testimony demonstrated the Defendant's unique access to the marijuana bunker. Second, at trial, the jury learned that a key to the marijuana bunker was found in the Defendant's residence. Furthermore, the officers discovered marijuana and smoking devices in the Defendant's residence. Third, the power meter which supplied power to the bunker also provided power to the Defendant's residence.[1] Therefore, the Defendant was presumably aware of the unusually high power associated with the bunker. Fourth, ingredients commonly used to manufacture marijuana were found in the Defendant's residence. Lastly, the evidence at trial demonstrated that the Defendant was responsible for making a $4000 cash deposit into Clinton

---

[1] However, Clinton Halbert was responsible for paying the power bills associated with this meter.

GOVERNMENT'S SUPPLEMENTAL
SENTENCING MEMORANDUM                              3

Halbert's bank account. At the same time, the Defendant's legitimate financial resources were limited. Here, the facts do not present "exceptional circumstances" requiring a downward role adjustment. Rather, looking at the overall criminal scheme, the defendant was clearly neither a minor or minimal participant.

       2)    <u>Acceptance of Responsibility</u>

The Defendant concedes that "a reduction for acceptance of responsibility is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." The Defendant notes that "in rare situations, a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial."

"A reduction for acceptance of responsibility relates to a defendant's remorse, his assistance in the investigation or prosecution of his misconduct, or preserving governmental resources required to prepare for trial." <u>United States v. Gallegos</u>, 613 F.3d 1211, 1216-1217 (9th Cir. 2010).

In <u>Becerill-Lopez v. United States</u>, 541 F.3d 881 (9th Cir. 2008), the Defendant was charged with being a deported alien found in the United States. A jury found the Defendant to be guilty. At sentencing, the Defendant requested a downward reduction for acceptance of responsibility. The Defendant argued that "in making the determination whether a defendant has accepted responsibility, the district court could not consider against the defendant any constitutionally protected conduct." The district court refused to grant the reduction and observed that the Defendant failed to admit his earlier deportation during his post-arrest interview or at trial. <u>Id.</u> at 893-894. The Ninth Circuit determined that the district court did not clearly err when it denied the downward adjustment. <u>Id.</u> at 894.

GOVERNMENT'S SUPPLEMENTAL
SENTENCING MEMORANDUM                         4

In the present case, on December 11, 2009, a search warrant was executed at the Defendant's residence. At that time, Special Agent M. Petty ("Agent Petty") spoke with the Defendant. The Defendant advised, "I am not a criminal." Agent Petty then advised the Defendant "that even though there were under 100 plants, he was still being charged federally." The Defendant then stated, "what plants? I don't know what you are talking about." Agent Petty replied, "the marijuana plants in the bunker on your property." The Defendant responded, "this is not the same address as down there." Therefore, the Defendant denied any knowledge of the marijuana plants discovered in the bunker. Furthermore, the Defendant failed to admit his criminal conduct at trial. Lastly, as of today, the Defendant has still refused to admit guilt and/or express remorse for his criminal activity. Therefore, a downward reduction for acceptance of responsibility is not warranted.

### III.
### CONCLUSION

Based on the facts of the case at bar, and consideration of the §3553(a) factors, the Government recommends the Court impose a sentence of 60 months imprisonment, followed by three years supervised release.

DATED this 25th day of January, 2011.

        MICHAEL C. ORMSBY
        United States Attorney

        s/ Thomas J. Hanlon
        THOMAS J. HANLON
        Assistant United States Attorney

I hereby certify that on January 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Frank L. Cikutovich

<pre>
                          s/ Thomas J. Hanlon
                          Thomas J. Hanlon
                          Assistant United States Attorney
                          United States Attorneys Office
                          402 E. Yakima Ave., Suite 210
                          Yakima, WA    98901
                          (509) 454-4425
                          Fax (509) 454-4435
</pre>